UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CURTIS HALL                                    CIVIL ACTION NO. 13-cv-2942

VERSUS                                         JUDGE FOOTE

LA DEPT. OF PUBLIC SAFETY &                    MAGISTRATE JUDGE HORNSBY
CORRECTIONS, ET AL

**REPORT AND RECOMMENDATION**

Curtis Hall ("Plaintiff") is a self-represented prisoner who complains that his civil rights were violated by prison officials when he was housed at the David Wade Correctional Center. His principal complaint is that there was a delay in providing him antibiotics and pain medication for a toothache that eventually resulted in his tooth being pulled.

The court issued an order that granted Plaintiff pauper status. The order (Doc. 7) also directed that "if plaintiff is transferred to another facility or released from custody, the plaintiff shall notify the Court of his new facility or forwarding address." Plaintiff did later write the court from a new address, the Allen Correctional Center, and the change of address was noted. Doc. 10.

The court ordered service on the defendants. The order (Doc. 19) also instructed that all parties "have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address." It warned that failure to do so "shall be considered grounds for dismissal or other appropriate sanctions." Those directions were consistent with the command of Local Rule 11.1 that: "Each attorney and pro se litigant has a continuing

obligation to apprise the court of any address change." See also Local Rule 41.3 (authorizing dismissal when notices are returned for reason of an incorrect address and no correction is made within 30 days). The order was mailed to Plaintiff and was not returned.

Counsel for the served defendants later reported that she had been advised that Plaintiff is no longer housed at the Allen Correctional Center and has been released. The court issued an order (Doc. 26) that outlined this history and the lack of any notification from Plaintiff of a change of address. Plaintiff was directed to inform the court of his current address, in writing, by **December 21, 2015**. The order warned that if notice of it was returned, or if Plaintiff otherwise failed to comply with the order, this civil action would be subject to dismissal for failure to prosecute. The postal service returned the order as undeliverable, as it did with two other items issued by the court in recent weeks. All were marked by the prison with return to sender, "moved from ACC." It has been more than 30 days since the first item was returned on November 18, 2015. The December 21, 2015 deadline has passed, and there has been no filing or correspondence from Plaintiff with respect to his address or otherwise.

The court has no idea of Plaintiff's current address, as he has failed to keep the court apprised of it as required by the court's orders and local rule. Perhaps Plaintiff has lost interest in the case since his possible release or he has merely been negligent in looking after his affairs. In any event, the court need not expend resources on a case in which it has no means of contacting the plaintiff or obtaining the plaintiff's participation in the litigation.

Dismissal without prejudice for failure to prosecute is warranted. <u>Honore v. Christian</u>, 2005 WL 1330152, *3 (W.D. La. 2005).

Accordingly,

**IT IS RECOMMENDED** that the Complaint be DISMISSED WITHOUT PREJUDICE for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of January, 2016.

*Mark L. Hornsby*
U.S. Magistrate Judge